Michael C. Spencer (MS-8874)
Peter Safirstein (PS-6176)
Leigh Smith (LS-0370)
Gary S. Snitow (GS-3507)
Milberg LLP
One Pennsylvania Plaza
New York, NY 10119
Telephone: 212-594-5300
Facsimile: 212-868-1229

*Attorneys for Plaintiffs*



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

| | |
|---|---|
| MICHAEL SCHMIDT, KLAUS BOHRER, UTE KANTNER, and U.V.A. VADUZ, | |
| Plaintiffs, | 09 CV 7059 (TPG) |
| -against- | |
| THE REPUBLIC OF ARGENTINA, | **AMENDED COMPLAINT** |
| Defendant. | |

------------------------------------------------------------ x

Plaintiffs, by their attorneys, Milberg LLP, for their Amended Complaint against defendant the Republic of Argentina (the "Republic") allege as follows:

### Parties

1. Plaintiff Michael Schmidt ("Schmidt") is a citizen of Germany.

2. Plaintiff Klaus Bohrer ("Bohrer") is a citizen of Germany.

3. Plaintiff Ute Kantner ("Kantner") is a citizen of Germany.

4. Plaintiff U.V.A. Vaduz ("UVA") is a corporation organized under the laws of Luxemburg.

5. Plaintiffs own bonds issued by the Republic as further set forth in detail below ("Bonds").

6. The Republic is a foreign state as defined in 28 U.S.C. § 1603(a).

### Jurisdiction

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1330(a) & (b), 1605(a)(1); *see also Capital Ventures International v. Republic of Argentina*, 552 F.3d 289, 291 (2d Cir. 2009) ("there is subject matter jurisdiction over the claims relating to the German bonds because Argentina explicitly waived its sovereign immunity to suit in United States courts on those claims"). The Bonds are "German bonds" within the meaning of that decision. In addition, at all times relevant to the allegations of this complaint, the Republic has had continuous and systematic contacts with the United States and has invoked the benefits and protections of the laws of the United States such that it would reasonably expect to be subject to jurisdiction of this nation's courts.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(f).

### Factual Allegations

9. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the Bonds. Since that time, the Republic has failed to make any payments of principal or interest to Plaintiffs.

### COUNT ONE

10. Schmidt repeats and realleges each of the allegations contained in Paragraphs 1 and 5-9 as though set forth here at length.

11. Schmidt acquired certain bonds, ISIN No. DE0001308609, issued by the Republic pursuant to a Subscription Agreement dated as of February 5, 1996 (the "February Subscription Agreement") in the principal amount of DM 20,000. Schmidt continues to own those bonds.

12. In Article 14 of the February Subscription Agreement, the Republic explicitly and irrevocably waived its sovereign immunity to suit in United States courts on claims relating to those bonds.

13. The bonds owned by Schmidt matured according to their original terms on February 6, 2003 and the Republic was contractually required to pay the entire principal amount of the bonds on that date.

14. The moratorium and the failure to make payment of principal and interest due on the bonds constitute an Event of Default as defined in Paragraph 8 of the Conditions of Issue annexed to the February Subscription Agreement. The Republic is in breach of its obligations under the February Subscription Agreement. The Event of Default is continuing.

15. In accordance with Paragraph 8 of the Conditions of Issue annexed to the February Subscription Agreement, by letter dated August 7, 2009, Schmidt provided the Principal Paying Agent with written notice that an Event of Default had occurred and requested payment of principal and interest due and payable on the bonds.

16. The Republic has not paid any part of the principal or post-moratorium interest amounts owing on the bonds.

17. By reason of the foregoing, the Republic has breached its contractual obligations to Schmidt and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT TWO

18. Bohrer repeats and realleges each of the allegations contained in paragraphs 2 and 5-9 as if set forth here at length.

19. Bohrer acquired certain bonds, ISIN No. DE0001340917, issued by the Republic pursuant to a Subscription Agreement dated September 18, 1996 (the "September Subscription Agreement") in the principal amount of DM 2,000,000. Bohrer continues to own those bonds.

20. In Article 14 of the September Subscription Agreement, the Republic explicitly and irrevocably waived its sovereign immunity to suit in the United States courts on claims relating to those bonds.

21. In accordance with Paragraph 8 of the Conditions of Issue annexed to the September Subscription Agreement, by letter dated August 4, 2009, Bohrer provided the Principal Paying Agent with written notice declaring the principal and interest on the bonds to be due and payable immediately.

22. The moratorium and the failure to make payment of principal and interest due on the bonds constitute Events of Default as defined in Paragraph 8 of the Conditions of Issue annexed to the September Subscription Agreement. The Republic is in breach of its obligations under the September Subscription Agreement. The Event of Default is continuing.

23. The Republic has not paid any part of the principal or post-moratorium interest amounts owing on the bonds.

24. By reason of the foregoing, the Republic has breached its contractual obligations to Bohrer and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT THREE

25. UVA repeats and realleges each of the allegations contained in paragraphs 4-9 as if set forth here at length.

26. UVA acquired certain bonds, ISIN No. DE0001340909, issued by the Republic pursuant to the September Subscription Agreement in the principal amount of DM 3,000,000. UVA continues to own those bonds.

27. In Article 14 of the September Subscription Agreement, the Republic explicitly and irrevocably waived its sovereign immunity to suit in the United States courts on claims relating to those bonds.

28. The bonds owned by UVA matured according to their original terms on September 19, 2003 and the Republic was contractually required to pay the entire principal amount of the bonds on that date.

29. The moratorium and the failure to make payment of principal and interest due on the bonds constitute Events of Default as defined in Paragraph 8 of the Conditions of Issue annexed to the September Subscription Agreement. The Republic is in breach of its obligations under the September Subscription Agreement. The Event of Default is continuing.

30. In accordance with Paragraph 8 of the Conditions of Issue annexed to the September Subscription Agreement, by letter dated August 7, 2009, UVA provided the Principal Paying Agent with written notice that an Event of Default had occurred and requested payment of principal and interest due and payable on the bonds.

31. The Republic has not paid any part of the principal or post-moratorium interest amounts owing on the bonds.

32. By reason of the foregoing, the Republic has breached its contractual obligations to UVA and is liable for damages in an amount to be determined at trial, plus interest.

### COUNT FOUR

33. Kantner repeats and realleges each of the allegations contained in paragraphs 3 and 5-9 as if set forth here at length.

34. Kantner acquired a certain bond, ISIN No. DE0001325017, issued by the Republic pursuant to a Subscription Agreement, dated June 12, 1996 (the "June Subscription Agreement"), in the principal amount of DM 2,000,000. Kantner continues to own those bonds.

35. In Article 14 of the June Subscription Agreement, the Republic explicitly and irrevocably waived its sovereign immunity to suit in the United States courts on claims relating to those bonds.

36. The moratorium and the failure to make payment of principal and interest due on the bonds constitute an Event of Default as defined in Paragraph 8 of the Conditions of Issue annexed to the June Subscription Agreement. The Republic is in breach of its obligations under the June Subscription Agreement. The Event of Default is continuing.

37. In accordance with Paragraph 8 of the Conditions of Issue annexed to the June Subscription Agreement, by letter dated August 4, 2009, Kantner provided the Principal Paying Agent with written notice declaring the principal and interest on the bonds to be due and payable immediately.

38. The Republic has not paid any part of the principal or post-moratorium interest amounts owing on the bonds.

39. By reason of the foregoing, the Republic has breached its contractual obligations to Kantner and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT FIVE

40. UVA repeats and realleges each of the allegations contained in paragraphs 4-9 as if set forth here at length.

41. UVA acquired a certain bond, ISIN No. DE0001767101, issued by the Republic pursuant to a Subscription Agreement dated November 17, 1998 (the "1998 Subscription Agreement") in the principal amount of DM 5,000,000. UVA continues to own those bonds.

42. In Paragraph 16 of the 1998 Subscription Agreement, the Republic explicitly and irrevocably waived its sovereign immunity to suit in the United States courts on claims relating to those bonds.

43. The bonds owned by UVA matured according to their original terms on November 19, 2008 and the Republic was contractually required to pay the entire principal amount of the bonds on that date.

44. The moratorium and the failure to make payment of principal and interest due on the bonds constitute an Event of Default as defined in Paragraph 10 of the Conditions of Issue annexed to the 1998 Subscription Agreement. The Republic is in breach of its obligations under the 1998 Subscription Agreement. The Event of Default is continuing.

45. In accordance with Paragraph 10 of the Conditions of Issue annexed to the 1998 Subscription Agreement, by letter dated August 7, 2009, UVA provided the Principal

Paying Agent with written notice that an Event of Default had occurred and requested payment of principal and interest due and payable on the bonds.

46. The Republic has not paid any part of the principal or post-moratorium interest amounts owing on the bonds.

47. By reason of the foregoing, the Republic has breached its contractual obligations to UVA and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT SIX

48. UVA repeats and realleges each of the allegations contained in paragraphs 4-9 as if set forth here at length.

49. UVA acquired a certain bond, ISIN No. DE0001904308, issued by the Republic pursuant to a Bond Purchase Agreement dated March 6, 1997 (the "1997 Bond Purchase Agreement") in the principal amount of DM 4,250,000. UVA continues to own those bonds.

50. In Article 15 of the 1997 Bond Purchase Agreement, the Republic explicitly and irrevocably waived its sovereign immunity to suit in the United States courts on claims relating to those bonds.

51. The bonds owned by UVA matured according to their original terms on March 18, 2004 and the Republic was contractually required to pay the entire principal amount of the bonds on that date.

52. The moratorium and the failure to make payment of principal and interest due on the bonds constitute an Event of Default as defined in Paragraph 10 of the Conditions of

Issue annexed to the 1997 Bond Purchase Agreement. The Republic is in breach of its obligations under the 1997 Bond Purchase Agreement. The Event of Default is continuing.

53. In accordance with Paragraph 10 of the Conditions of Issue annexed to the 1997 Bond Purchase Agreement, by letter dated August 7, 2009, UVA provided the Principal Paying Agent with written notice that an Event of Default had occurred and requested payment of the principal and interest due and payable on the bonds.

54. The Republic has not paid any part of the principal or post-moratorium interest amounts owing on the bonds.

55. By reason of the foregoing, the Republic has breached its contractual obligations to UVA and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT SEVEN

56. Plaintiff UVA repeats and realleges each of the allegations contained in paragraphs 4-9 as if set forth here at length.

57. UVA acquired a certain bond, ISIN No. DE0003527966, issued by the Republic pursuant to a Subscription Agreement dated November 5, 1999 (the "1999 Subscription Agreement") in the principal amount of €250,000. UVA continues to own those bonds.

58. In Paragraph 17 of the 1999 Subscription Agreement, the Republic explicitly and irrevocably waived its sovereign immunity to suit in the United States courts on claims relating to those bonds.

59. The bonds owned by Plaintiff UVA matured according to their original terms on October 21, 2002 and the Republic was contractually required to pay the entire principal amount of the bonds on that date.

60. The moratorium and the failure to make payment of principal an interest due on the bonds constitute an Event of Default as defined in Paragraph 9 of the Terms and Conditions of the Bonds annexed to the 1999 Subscription Agreement. The Republic is in breach of its obligations under the 1999 Subscription Agreement. The Event of Default is continuing.

61. In accordance with Paragraph 9 of the Terms and Conditions of the Bonds annexed to the 1999 Subscription Agreement, by letter dated August 7, 2009, UVA provided the Principal Paying Agent with written notice that an Event of Default had occurred and requested payment of principal and interest due and payable on the bonds.

62. The Republic has not paid any part of the principal or post-moratorium interest amounts owing on the bonds.

63. By reason of the foregoing, the Republic has breached its contractual obligations to UVA and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT EIGHT

64. Plaintiff UVA repeats and realleges each of the allegations contained in paragraphs 4-9 as if set forth here at length.

65. UVA acquired a certain bond, ISIN No. DE0002466208, issued by the Republic pursuant to an Offering Circular dated June 20, 2000, as amended on October 6, 2000 (the "Offering Circular"), in the principal amount of €250,000. UVA continues to own those bonds.

66. In Paragraph 11 of the Terms and Conditions of the Offering Circular, the Republic explicitly and irrevocably waived its sovereign immunity to suit in the United States courts on claims relating to those bonds.

67. The bonds owned by UVA matured according to their original terms on June 20, 2003 and the Republic was contractually required to pay the entire principal amount of the bonds on that date.

68. The moratorium and the failure to make payment of principal and interest due on the bonds constitute an Event of Default as defined in Paragraph 8 of the Terms and Conditions of the Offering Circular. The Republic is in breach of its obligations under the Offering Circular. The Event of Default is continuing.

69. In accordance with Paragraph 8 of the Terms and Conditions of the Offering Circular, by letter dated August 7, 2009, UVA provided the Principal Paying Agent with written notice that an Event of Default had occurred and requested payment of the principal and interest due and payable on the bonds.

70. The Republic has not paid any part of the principal or post-moratorium interest amounts owing on the bonds.

71. By reason of the foregoing, the Republic has breached its contractual obligations to UVA and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT NINE

72. UVA repeats and realleges each of the allegations contained in paragraphs 4-9 as if set forth here at length.

73. UVA acquired a certain bond, ISIN No. DE0001300200, issued by the Republic pursuant to an Information Memorandum dated November 14, 1995 (the "November Memorandum") and a Supplemental Information Memorandum, dated December 12, 1995 (the "December Memorandum") in the principal amount of DM 500,000. UVA continues to own those bonds.

74. In Paragraph 11 of the Conditions of Issue of the December Memorandum, the Republic explicitly and irrevocably waived its sovereign immunity to suit in United States courts on claims relating to those bonds.

75. The bonds owned by UVA matured according to their original terms on November 14, 2002 and the Republic was contractually required to pay the entire principal amount of the bonds on that date.

76. The moratorium and the failure to make payment of principal and interest due on the bonds constitute an Event of Default as defined in Paragraph 8 of the Conditions of Issue of the December Memorandum. The Republic is in breach of its obligations under the November Memorandum and December Memorandum. The Event of Default is continuing.

77. In accordance with Paragraph 8 of the Conditions of Issue of the December Memorandum, by letter dated August 7, 2009, UVA provided the Principal Paying Agent with written notice that an Event of Default had occurred and requested payment of the principal and interest due and payable on the bonds.

78. The Republic has not paid any part of the principal or post-moratorium interest amounts owing on the bonds.

79. By reason of the foregoing, the Republic has breached its contractual obligations to UVA and is liable for damages in an amount to be determined at trial, plus interest.

WHEREFORE, plaintiffs demand judgment as follows:

i. On Count One, awarding Plaintiff Schmidt damages against the Republic in an amount to be determined at trial, plus interest;

ii. On Count Two, awarding Plaintiff Bohrer damages against the Republic in an amount to be determined at trial, plus interest;

iii. On Count Three, awarding Plaintiff UVA damages against the Republic in an amount to be determined at trial, plus interest;

iv. On Count Four, awarding Plaintiff Kantner damages against the Republic in an amount to be determined at trial, plus interest;

v. On Count Five, awarding Plaintiff UVA damages against the Republic in an amount to be determined at trial, plus interest;

vi. On Count Six, awarding Plaintiff UVA damages against the Republic in an amount to be determined at trial, plus interest;

vii. On Count Seven, awarding Plaintiff UVA damages against the Republic in an amount to be determined at trial, plus interest;

viii. On Count Eight, awarding Plaintiff UVA damages against the Republic in an amount to be determined at trial, plus interest;

ix. On Count Nine, awarding Plaintiff UVA damages against the Republic in an amount to be determined at trial, plus interest;

x. Awarding Plaintiffs their costs, prejudgment interest, attorneys' fees and such other and additional relief as the Court deems just and proper.

Dated: New York, New York
       September 17, 2009

                    MILBERG LLP

            By: _____
                  Michael C. Spencer
                  Peter Safirstein
                  Leigh Smith
                  Gary S. Snitow
                  One Pennsylvania Plaza
                  New York, NY 10119
                  Telephone: 212-594-5300
                  Facsimile: 212-868-1229
                  mspencer@milberg.com
                  psafirstein@milberg.com
                  lsmith@milberg.com
                  gsnitow@milberg.com

                  *Attorneys for Plaintiffs*